# SUMMONS IN A CIVIL ACTION COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV03495771 | D1 CM | 3559521 |

Rule 4 (B) Ohio

Rec'd 3-12-03

Rules of Civil Procedure

PEGGY SI GLEY, ADMINISTRATRIX
vs
CITY OF PARMA HEIGHTS, ET AL

PLAINTIFF
DEFENDANT

## SUMMONS

CITY OF PARMA HTS
6281 PEARL ROAD
PARMA HTS OH 44130-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plaintiff's Attorney

JOSEPH C DOMIANO
1370 ONTARIO ST., 6TH FLOOR
CLEVELAND, OH 44113-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

MARY J BOYLE
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas



| DATE |
|---|
| Mar 10, 2003 |

By_____
Deputy

COMPLAINT FILED 03/06/2003



CITY OF PARMA HTS
6281 PEARL ROAD
PARMA HTS OH 44130-0000

CMSN120

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

PEGGY SIGLEY, Administratrix of the )
Estate of Daniel P. Davis, Deceased )  CASE NUMBER:
2232 Dock Road )
Madison, Ohio 44057 )
)
    Plaintiff )
)
v. )
)
CITY OF PARMA HEIGHTS )  Judge: MARY J BOYLE
6281 Pearl Road )
Parma Heights, Ohio 44130-3084 )  CV 03 495771
SERVE: )
    C. Anthony Stavole )
    Director of Law )
    6281 Pearl Road )
    Parma Heights, Ohio 44130-3084 )
)
and )
)
POLICE CHIEF MICHAEL MLECIK )
c/o Parma Heights Police Department )
6184 Pearl Road )  COMPLAINT
Parma Heights, Ohio 44130-3084 )  (Jury Demand Endorsed Hereon)
)
and )
)
DETECTIVE WAYNE MOCKLER )
c/o Parma Heights Police Department )
6184 Pearl Road )
Parma Heights, Ohio 44130-3084 )
)
and )
)
DETECTIVE STEVE SCHARSCHMIDT )
c/o Parma Heights Police Department )
6184 Pearl Road )
Parma Heights, Ohio 44130-3084 )
)
and )

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070

2

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070

PATROLMAN CHARLES MEHLMAN
c/o Parma Heights Police Department
6184 Pearl Road
Parma Heights, Ohio 44130-3084

and

PATROLMAN SCOTT JACKSON
c/o Parma Heights Police Department
6184 Pearl Road
Parma Heights, Ohio 44130-3084

and

PATROLMAN BERNIE WALLS
c/o Parma Heights Police Department
6184 Pearl Road
Parma Heights, Ohio 44130-3084

and

PATROLMAN DANIEL KRAVANIS
c/o Parma Heights Police Department
6184 Pearl Road
Parma Heights, Ohio 44130-3084

and

JOHN DOE
(Name & Identity Currently Unknown)

and

JOE DOE
(Names & Identity Currently Unknown)

Defendants

## PREAMBLE

To the extent that Ohio Bill 350 applies to any claims or allegations set forth in this Complaint, plaintiff hereby asserts that H.B. 350 is unconstitutional as violative of the United States Constitution and the Ohio Constitution, including but not limited to, the Due Process

3

Clause of Article I, Section 5, the Inalienable Rights Section, Article I, Section 1, and the Right to a Remedy, Article I, Section 16 of the Ohio Constitution.

### I. INTRODUCTION

1. This action is brought by Peggy Sigley, personally and as the Administratrix of the Estate of Daniel P. Davis, who died on March 9, 2002, while a resident of the City of Cleveland, County of Cuyahoga, and State of Ohio. This action is brought on behalf of and for the benefit of the Estate of Daniel P. Davis and his next of kin, and individually by Peggy Sigley, his mother, and his minor child, Hope Davis.

### II. CLAIMS

2. Plaintiff alleges that Defendant City of Parma Heights, by and through its Police Department, Chief of Police, and/or police officers within the employ of Defendant City of Parma Heights, whose present identities and addresses are unknown to plaintiff, are liable for the wrongful death of Daniel P. Davis, in violation of Ohio Revised Code §2125.02, and use of excessive deadly force, in violation of the Fourth Amendment to the United States Constitution. Defendant City of Parma Heights is further liable for the wrongful death of Daniel P. Davis for conspiring to harm or injure plaintiff's decedent, and for failing to adequately train Parma Heights police officers, including the aforementioned police officers, concerning when and under what circumstances to use deadly force.

### III. PARTIES

3. Plaintiff Peggy Sigley is and was at all times relevant a citizen of the United States and a resident of the State of Ohio. She is the duly appointed Administratrix of the Estate of Daniel P Davis, hereinafter referred to as the decedent.

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070

4

4. Defendant City of Parma Heights is a municipal corporation duly incorporated under the laws of the State of Ohio.

5. Defendants Police Chief Michael Mlccik, Detective Wayne Moekler, Detective Steve Scharschmidt, Patrolman Charles Mehlman, Patrolman Scott Jackson, Patrolman Bernie Walls, Patrolman Daniel Kravanis, John Doe and Joe Doe, at all times relevant, were police officers and/or detectives for the City of Parma Heights and had a duty to obey the United States Constitution and the laws and statutes of the State of Ohio and the City of Parma Heights. They are sued in both their individual capacities and official capacities as police officers for the City of Parma Heights.

## IV. COUNT I

6. Prior to March 9, 2002, Defendant City of Parma Heights, by and through its police chief and/or detectives and/or police officers, conspired to negligently injure and/or harm plaintiff's decedent by arranging a controlled drug sting operation wherein undercover police officers would attempt to buy narcotics from plaintiff's decedent.

7. On or before March 9, 2002, plaintiff's decedent was contacted by an undercover police officer employed by Defendant City of Parma Heights, in an attempt to purchase drugs from plaintiff's decedent.

8. Defendant Parma Heights, by and through its police officers and/or detectives intentionally, willfully, wantonly and negligently lured plaintiff's decedent to meet at a designated parking lot in Parma Heights, Ohio.

9. At approximately 6:00 p.m., plaintiff's decedent, lured by Defendant City of Parma Heights' police officers and/or detectives, arrived at the designated parking lot at 6709 Pearl Road, and met with Defendant Patrolman Scott Jackson, an undercover police officer.

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070

5

10. At all times pertinent herein, Defendant Patrolman Scott Jackson negligently failed to properly identify himself as a police officer of Defendant City of Parma Heights Police Department, and convinced plaintiff's decedent that he was interested in purchasing narcotics from him.

11. At that time and place, when the narcotics purchase had concluded and said defendants were summoned to rush to plaintiff's car, plaintiff's decedent was startled and attempted to leave the scene by driving away.

12. While plaintiff's decedent attempted to drive away, Defendant Detective Wayne Mockler, without hesitation or warning, negligently and intentionally fired a shot from his service revolver, which entered plaintiff's back, resulting in his death.

13. Prior to the shooting, Detective Wayne Mockler, Detective Steve Schatschmidt, Patrolman Charles Mohlman, Patrolman Scott Jackson, Patrolman Bernie Walls, Patrolman Daniel Kravanis, John Doe and Joe Doe failed to develop or discuss a tactical plan as to how to respond to the situation involving the controlled drug buy with detedent and whether or not deadly force would have been necessary.

14. At the time of the negligent and intentional shooting of plaintiff's decedent, Daniel P. Davis, no police officers, or pedestrians, or any other individuals were in any imminent danger or fearful for their personal safety and well-being.

15. Defendant Detective Wayne Mockler negligently and intentionally used unnecessary and excessive force by shooting and killing plaintiff's decedent, Daniel P. Davis.

16. On March 9, 2002, the decedent, Daniel P. Davis, age 28, died as a result of a gunshot wound to the back.

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070

03/25/03 TUE 15:34 FAX 214 265 0308 FDM INC NO.589 P.9
MAR.14 2003 1:51PM CUSTIS INSURANCE 440 949 7171
Case: 1:03-CV-00595-DCN Doc #: 1-1 Filed: 04/02/03 7 of 11. PageID #: 11

6

## V. COUNT TWO

17. Plaintiff restates and reallege each and every preceding paragraph as if fully rewritten herein.

18. The shot was fired from the firearm of Defendant Wayne Mockler, acting within the course and scope of his employment with Defendant City of Parma Heights.

19. As a direct and proximately result of defendants' negligent acts and omissions, plaintiff's decedent was intentionally, willfully, wantonly and maliciously assaulted, battered and shot by Defendant Detective Wayne Mockler.

20. By reason of the foregoing, assault and battery by Defendant Wayne Mockler, and as a direct and proximate result of defendants' negligent actions and omissions, plaintiff's decedent, Daniel P. Davis, sustained serious physical and mental injuries, extreme conscious pain and suffering and extreme psychological agony arising from the awareness that his death was imminent, as well as loss of life's enjoyment due to his tragic, untimely death.

## VI. COUNT THREE

21. Plaintiff restates and realleges each and every preceding paragraph as if fully rewritten herein.

22. The use of deadly force was clearly unwarranted under the circumstances, was excessive, without legal justification, reckless, and unreasonable.

23. The manner in which Defendants City of Parma Heights, Police Chief Michael Mlecik, Detective Wayne Mockler, Detective Steve Schatschmidt, Patrolman Charles Mehlman, Patrolman Scott Jackson, Patrolman Bernie Walls, Patrolman Daniel Kravanis, John Doe and Joe Doe coerced or lured plaintiff's decedent to his death, as well as a failure to exhaust other

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070

7

reasonable means to handle the situation, all led to the completely unnecessary use of deadly force, and the tragic loss of a young man's life.

24. Furthermore, Defendant City of Parma Heights failed to adequately train and supervise its police officers in the proper use of deadly force which was a contributing cause in the deprivation of decedent's constitutional rights.

25. At all times relevant hereto, and in all their actions described herein, Defendants Police Chief Michael Mlecik, Detective Wayne Mockler, Detective Steve Scharschmidt, Patrolman Charles Mehlman, Patrolman Scott Jackson, Patrolman Bernie Walls, Patrolman Daniel Kravanis, John Doe and Joe Doe were acting under color of law pursuant to their authority.

26. The manner in which Defendants City of Parma Heights, Police Chief Michael Mlecik, Detective Wayne Mockler, Detective Steve Scharschmidt, Patrolman Charles Mehlman, Patrolman Scott Jackson, Patrolman Bernie Walls, Patrolman Daniel Kravanis, John Doe and Joe Doe was excessive, disproportionate of the circumstances are unjustifiable and this unlawful use of forces proximately caused plaintiff's decedent's death.

27. Defendants City of Parma Heights, Police Chief Michael Mlecik, Detective Wayne Mockler, Detective Steve Scharschmidt, Patrolman Charles Mehlman, Patrolman Scott Jackson, Patrolman Bernie Walls, Patrolman Daniel Kravanis, John Doe and Joe Doe failed to exercise due care constituted culpable negligence which proximately caused the decedent's death.

28. As a direct and proximate result of the misconduct of Defendants City of Parma Heights, Police Chief Michael Mlecik, Detective Wayne Mockler, Detective Steve Scharschmidt, Patrolman Charles Mehlman, Patrolman Scott Jackson, Patrolman Bernie Walls, Patrolman Daniel Kravanis, John Doe and Joe Doe, plaintiff suffered injuries, losses and damages as set forth above.

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070

8

29. Defendant City of Parma Heights inadequately trained its police officers and/or detectives concerning the police procedure and constitutional limitations relative to the use of deadly force.

30. This systematic deficiency caused Defendants City of Parma Heights, Police Chief Michael Mlecik, Detective Wayne Mockler, Detective Steve Scharschmidt, Patrolman Charles Mehlman, Patrolman Scott Jackson, Patrolman Bernie Wells, Patrolman Daniel Kravanis, John Doe and Joe Doe to be unaware of the rules and laws governing permissible use of firearms and to believe that firearm discharges are entirely within the discretion of the officer, with the foreseeable result that officers are more likely to use deadly force in situations where such force is neither necessary nor reasonable nor legal.

31. As a further direct and proximate result of defendants' negligent acts and omissions (including those acts and omissions of its agents), plaintiff and decedent's remaining heirs, legatees and next of kin sustained severe mental anguish and trauma, loss of support from the reasonably expected earning capacity of the decedent; loss of the society of the decedent; including but not limited to loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, life's enjoyment, counsel, instruction, training and education, loss of prospective inheritance which said next of kin would have inherited at the time of the decedent's death had the decedent lived his reasonably expected and anticipated natural life.

32. Further, by virtue of his untimely death, plaintiff and the aforementioned heirs-at-law and next of kin, in addition to all of the aforesaid damages have incurred other losses and damages, including funeral and burial expenses as a result of Daniel P. Davis's untimely death.

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070

9

## VII. COUNT FOUR

33. Plaintiff restates and realleges each and every preceding paragraph as if fully rewritten herein.

34. The decedent died on March 9, 2002 as the result of the weapon(s) unjustifiably fired by Defendant Detective Wayne Mockler.

35. This claim is brought under Ohio Revised Code §2125.02 for the benefit of the parents, siblings and minor children of the decedent. Under §2125.21 of the Ohio Revised Code, decedent's cause of action survives and is brought as a survived action by his mother as Administratrix of her Estate.

36. As a direct and proximate result of the misconduct of Defendants City of Parma Heights, Police Chief Michael Mlecik, Detective Wayne Mockler, Detective Steve Scharschmidt, Patrolman Charles Mehlman, Patrolman Scott Jackson, Patrolman Bernie Walls, Patrolman Daniel Kravanis, John Doe and Joe Doe plaintiff suffered injuries, losses and damages as set forth above.

## VIII. COUNT FIVE

37. Plaintiff restates and realleges each and every preceding paragraph as if fully rewritten herein.

38. As a direct and proximate result of the actions and inactions of defendants, as set forth above, Daniel P. Davis was killed, but also sustained, prior to his death, pain and suffering, together with a severe and traumatic shock to his entire physical, nervous and emotional system.

39. As a further direct and proximate result of the wrongful death of Daniel P. Davis, the decedent's parents, siblings and children have suffered damages, including but not limited to, the loss of his support, services and society, including lost companionship, care, assistance, attention,

10

protection, advice, guidance, counsel, instruction, training, and education, as well as the loss of prospective inheritance.

WHEREFORE, plaintiff prays for judgment against defendants, jointly and severally, for:

a. Compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00) for the intentional violation of Daniel P. Davis's constitutional rights, for his wrongful death, and for economic losses, including reasonable funeral and burial expenses, lost income, physical and psychological injuries, and severe emotional distress suffered by plaintiff.

b. Punitive damages in the amount of Five Million Dollars ($5,000,000.00).

c. Reasonable attorney's fees and costs incurred by the plaintiff as a result of the conduct of defendants and for the violation of Daniel P. Davis's constitutional rights.

Respectfully submitted,

FRIEDMAN, DOMIANO & SMITH CO., L.P.A.

JOSEPH C. DOMIANO (0014568)
KEVIN L. LENSON (0066898)

1370 Ontario Street - 6th Floor
Cleveland, Ohio 44113
(216) 621-0070

Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

Attorney for Plaintiff

LAW OFFICES OF
FRIEDMAN, DOMIANO & SMITH CO., L.P.A.
1370 ONTARIO STREET
SIXTH FLOOR - STANDARD BUILDING
CLEVELAND, OHIO 44113-1704
(216) 621-0070